F I L E D
JUL 29 2005
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY L. THAYER,

    Plaintiff,

v.

    Case No. 04-CV-71531-DT

COMMISSIONER OF SOCIAL
SECURITY,

    HONORABLE DENISE PAGE HOOD

    Defendant.
_____/

## ORDER RE: REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation filed March 24, 2000. Plaintiff filed objections to the Report and Recommendation.

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge did not reach the correct conclusion in this matter. The Court finds that the ALJ and the Magistrate Judge did not give deference to the opinions of Plaintiff's treating physicians, especially the rheumatologist, nor to Plaintiff's complaints of pain.

A treating physician's supported and clear statement of disability is to be given substantial deference, and, if that opinion is not contradicted, complete deference must be given. *Walker v. Secretary of HHS*, 980 F.2d 1066, 1070 (6th Cir. 1992); 20 C.F.R. § 404.1527(d)(2). This Circuit recognizes that fibromyalgia cases often eludes detection using conventional diagnostic tools, therefore, greater weight is given on the treating physician's opinion. *Preston v. Secretary of Health and Human Services*, 854 F.2d 815, 817-18 (6th Cir. 1988). An individual's statements as to "pain or other symptoms will not alone establish" disability. 20 C.F.R. § 404.1529(a); *Walters v. Comm'n of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The Sixth Circuit has developed a two-prong test to evaluate a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1038-29 (6th Cir. 1994), quoting *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986)).

The Court does not agree with the Magistrate Judge and the ALJ that the opinions of Plaintiff's treating physician, Timothy Swartz, M.D., a rheumatoid specialist, was not supported by objective tests. Dr. Swartz diagnosed Plaintiff with fibromyalgia. He indicated that she could stand about two hours in an eight hour work day for more than 20 minutes at a time and sit without

interruption no more than one hour at time. (Tr., 119-123) The records of Robert O. Robertson, D.O., another treating physician, supports Dr. Swartz's opinion regarding Plaintiff's ability to stand and sit throughout the day. (Tr., 145-180)

The ALJ and the Magistrate Judge reviewed Plaintiff's record of her daily activities. The Court finds that the ALJ and the Magistrate Judge gave too much weight to this record and attributed too much activity to Plaintiff to support their finding of disability. (Tr., 78-84) Plaintiff qualified her statements regarding self-care on the form stating, among other things, that she is only able to care for herself, "when the pain is too intense I do not shower." (Tr., 81) Plaintiff is only able to do certain activities on two or three "good" days she enjoys in a week's time. (Tr., 270-273) When she experiences "bad" days, when the pain is too intense, Plaintiff sits, rests, uses a TENS unit and other pain relieving modalities to try and bear the pain. Both Plaintiff and her husband have indicated that her activities are limited to "good" days but even then, Plaintiff is unable to perform these activities satisfactorily. (Tr., 72-79) The ALJ noted that Plaintiff is able to walk one mile on level ground, yet, Plaintiff also indicates that she could walk less than one-half a block on level ground. This issue was raised at the hearing and the Plaintiff responded that she could walk to the mailbox, about 150 feet away, but not as far as 1/4 of a mile. (Tr., 276) The Vocational Expert testified that if Plaintiff's testimony relative to her pain, discomfort and limitations were credible, there would not be a significant number of jobs in the region or national economy that a person with these limitations could perform. (Tr., 291)

The Magistrate Judge and the ALJ focused their reasons on a selective portion of the record, specifically Plaintiff's daily activity statement, which supported their finding of non-disability. The record, as a whole, including the records and statements of her treating physicians, which are

3

unrebutted, substantially support a finding of disability.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Whalen **(Docket No. 14, filed March 24, 2005)** is REJECTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Docket No. 12, filed August 20, 2004)** is DENIED.

IT IS FURTHER ORDERED that the Commissioner's decision is REVERSED and this matter is REMANDED for an award of benefits.


                                          s/ DENISE PAGE HOOD
                                          DENISE PAGE HOOD
                                          United States District Judge

DATED: July 29, 2005