UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY THAYER,

        Plaintiff,                         Civil Action No. 04-71531

v.                                       HON.   DENISE PAGE HOOD
                                       U.S. District Judge
                                       HON. R.  STEVEN WHALEN

COMMISSIONER OF SOCIAL        U.S. Magistrate Judge
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION RE: ATTORNEY FEES

The Court has referred to the undersigned Plaintiff's Motions for Attorney Fees [Docket #21, 27].[1]  For the reasons set forth below, I recommend that Plaintiff's Motion for $5,350 in fees pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 be DENIED.  In addition, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. 406(b) which requests $29,409.05, be REDUCED to $14,262.50 for the reasons set forth below.

_____

[1]A Magistrate Judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. §636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim."  Therefore, I must proceed by Report and Recommendation under 28 U.S.C. §636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

# I.  PROCEDURAL HISTORY

On October 17, 2001, Plaintiff filed an application for Social Security Disability Benefits,  alleging an onset of disability date of June 12, 1998.  After the initial denial of her claim, Plaintiff filed a request for an administrative hearing, conducted on May 28, 2003 in Lansing, Michigan before Administrative Law Judge (ALJ) Lawrence Blatnik.  ALJ Blatnick found that although Plaintiff was unable to perform any of her past relevant work, she retained the capacity to perform a significant range of sedentary work.  On February 26, 2004, the Appeals Council denied review (Tr. 5-8).  Plaintiff filed for judicial review of the final decision on May 10, 2004.  After the district court referred the case for a Report and Recommendation, on March 24, 2005 this Court recommended that the district court uphold the Commissioner's decision to deny benefits [Docket #14].  On July 29, 2005 the district court rejected this Court's recommendation, reversing and remanding the Commissioner's decision for an award of benefits [Docket #19].

Plaintiff's counsel filed two motions for attorney's fees.  The first motion, filed on October 13, 2005 [Docket #21], requested fees pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412 in the amount of $5,350, indicating that he had expended 40.75 hours on his client's behalf.  A second motion filed on March 31, 2006 requested $29,409.05 (minus any award received under EAJA), pursuant to 42 U.S.C. 406(b).

## II. ANALYSIS

### A.  EAJA

Plaintiff's counsel, seeking fees under EAJA in the amount of $5,350, accompanies his pleading with billing records indicating that he spent 40.75 hours preparing and filing submissions in the present case.[2]  He maintains that he is entitled to an award of fees on the basis that the government's position was not substantially justified.

The Equal Access to Justice Act (EAJA) is one of some 131 fee shifting statutes enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986).  Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Thayer who wins a sentence four remand for an award of benefits is a "prevailing party" within the meaning of the EAJA.  *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  However, I reject counsel's accompanying argument that the government's position was not

---

[2]As discussed *infra*, counsel asserts that prior to filing in the Court, he spent 105 *additional* hours working on this case at the administrative level.

substantially justified.

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." In linking the term to a standard of reasonableness, the Court stated that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

Ample evidence indicates that the government's position was substantially justified. First, the ALJ agreed with Defendant's position that Plaintiff did not present a particularly strong case for benefits. He noted that Plaintiff's regular activities included raking, meal preparation, caring for her children, and laundry work (Tr. 19). Moreover, the ALJ commented that Plaintiff was "fairly personable and in no obvious distress" at the administrative hearing. Next, this Court agreed with the administrative determination, finding that although her treating physician had declared that she could no longer work due to fibromyalgia, his pronouncement stood at odds with Plaintiff's admission that she continued to engage in a wide variety of activities. It does not follow that because the district court found that the physician's opinion should be accorded more weight than conflicting evidence found elsewhere in the record that the government's position was not substantially justified. Accordingly, EAJA fees should be denied.

-4-

**B.  Attorney's Fees Pursuant to 42 U.S.C. 406(b)**

Plaintiff's counsel also requests fees in the amount of $29,409.05 under 42

U.S.C. 406(b).  Although the Social Security Administration is currently withholding

$20,422.75 in anticipated attorney's fees (representing 25 percent of the $89,226.20

that Plaintiff is owed in back payments) he maintains that he is entitled to an

additional $8,968.30 reflecting 25 percent of the back payments owed to Plaintiff's

two minor children.[3]

42 U.S.C. §  406(b) directs that a court may allow a "reasonable fee" for

court-related services not exceeding 25 percent of a claimant's past-due benefits. 42

U.S.C. § 406(b)(1)(A).  Defendant acknowledges that such contingency fee

agreements may also include 25 percent of the  back benefits due to a claimant's

dependents.  *See Perez v. Secretary of Health & Human Services*, 881 F.2d 339, 334

(6th Cir. 1989).  However, Defendant argues that in the present case, $29,409.05

would amount to a windfall for counsel.

Pursuant to  *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418

(6th Cir. 1990), a contingency fee cannot constitute a windfall until it has at minimum

reached twice the hourly rate regularly charged by attorneys of similar experience.

However, it does not follow that a fee amounting to more than twice the regularly

charged rate constitutes a windfall *per se.*  In *Hayes,* 923 F.2d at 421 the court

_____

[3]Both of Plaintiff's children have received $17,972 in back payments.

reasoned that

> "In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.  Double is a floor, not a ceiling."

*Id.*  Although this Court is clearly not required to limit counsel's fees to the much lower "lodestar" calculation he submitted in his motion for fees under EAJA, "§ 406(b) calls for court review of [contingency] arrangements to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart,* 535 U.S. 789, 790-791, 122 S.Ct. 1817,1819 - 1820, 152 L.Ed.2d 99 (2002).

Notwithstanding *Hayes'* reasoning, Plaintiff's counsel's motion for $29,409.05, representing 25 percent of  the past due benefits of Plaintiff and her two minor children, is unreasonable.  Most obviously, although counsel submits that he performed 105 hours of work on behalf of Plaintiff (*Motion* at 5), which divided into 29,409.05 is equivalent  to an hourly fee of approximately $280, he arrives at this conclusion by lumping the hours he spent working on the case at the administrative level along with the work performed in Plaintiff's appeal to this Court.  This Court does not have jurisdiction to consider the propriety of counsel's fee submissions for work performed at the administrative level. *Gisbrecht*, 535 U.S. at 793-795, 122 S.Ct. at 1820-1821:  "42 U.S.C. § 406 deals with the administrative and judicial review stages  discretely:  § 406(a)  governs  fees  for  representation  in  administrative

proceedings; § 406(b) controls fees for representation in court." *See also Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005)(internal citations omitted) ("Courts are without jurisdiction to decree compensation for professional representation" at the administrative level, because the Commissioner alone is empowered to make awards for services rendered in agency proceedings.")

Exhibit B of counsel's motion indicates that he actually spent only 40.75 hours representing Plaintiff in district court. This would equate to an hourly fee of $721.69. Assuming, as Plaintiff argues, that the standard rate hourly rate for social security work is $175, the amount requested by counsel - over four times the usual hourly rate for a fairly  unremarkable case - clearly represents a windfall.[4]

Defendant does not dispute Plaintiff's counsel's quote of $175 as the standard hourly rate for social security work.  Although as discussed above, the Court is not bound by standard *hourly* rates when assessing the reasonableness of a contingency fee, we turn once again to *Hayes* for guidance:

> "[A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be

---

[4]I reject Defendant's argument that a substantial portion of the 40.75 hours that Plaintiff's counsel submits was spent in district court representation amounts to only clerical work.  Defendant argues that the portion of the work performed by counsel's "assistant," referenced in the billing sheet as "JLS," should be stricken from consideration.  However, Exhibit B of Plaintiff's motion appears to indicate that JLS was an attorney working alongside or under the supervision of Plaintiff's counsel rather than clerical assistant.

compensated adequately."

*Id*., 923 F.2d at 422. Applying the Sixth Circuit's formula, along with this Court's observation that the case as a whole did not present particularly difficult legal or factual questions and that allowing Plaintiff to collect a sum total of $29,409.05 would amount to a windfall, Plaintiff's counsel is thus entitled to compensation at an hourly rate of $350 multiplied by the 40.75 hours spent in district court representation for a total of $14,262.50.

## **CONCLUSION**

For the reasons set forth below, I recommend that Plaintiff's Motion for $5,350 in fees pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 be DENIED. In addition, I recommend that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. 406(b), which requests $29,409.05 be REDUCED to $14,262.50, for the reasons set forth above.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 1, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 1, 2006.

s/Susan Jefferson
Case Manager