UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STACY THAYER,

        **Plaintiff,**

                                          Case No.      04-CV-71531-DT

v.

                                     **HONORABLE DENISE PAGE HOOD**

JO ANN B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,


        **Defendant.**

                                            /


**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This matter is before the court on Magistrate Judge R. Steven Whalen's Report and

Recommendation dated August 1, 2006 on Plaintiff's Motions for Attorney Fees [Docket Nos.

21, 27]. Plaintiff has moved for $5,350 in fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412. Additionally, Plaintiff requests $29,409.05 in attorney fees

pursuant to 42 U.S.C. § 406(b). Both Plaintiff and Defendant have filed timely objections to the

Report and Recommendation.

**II.     STATEMENT OF FACTS**

On October 17, 2001, Plaintiff filed an application for Social Security Disability

Benefits, alleging an onset of disability date of June 12, 1998. After the Commissioner of Social

Security denied Plaintiff's application, Plaintiff filed a  request for an administrative hearing to

review the Commissioner's decision.  The hearing was conducted on May 28, 2003 in Lansing,

Michigan before Administrative Law Judge (ALJ) Lawrence Blatnik.  In affirming the

Commissioner's decision, ALJ Blatnik found that although Plaintiff was unable to perform any

of her past relevant work, she was still capable of performing a significant range of sedentary

work.  On February 26, 2004, the Appeals Council denied review of Plaintiff's claim.

The underlying action here involves Plaintiff's complaint seeking judicial review of the

Commissioner of Social Security's decision to deny Plaintiff's application for Disability

Insurance Benefits (DIB).  Upon review, the Magistrate Judge recommended that this Court

uphold the ALJ's decision.  On July 29, 2005, this Court rejected the Magistrate Judge's Report

and Recommendation, reversed the Commissioner's decision, and remanded the case for an

award of benefits.  In addition to the award of Plaintiff's past-due benefits, two of Plaintiff's

children were also found entitled to children's insurance benefits.  The Administration withheld

twenty-five percent of Plaintiff's past-due benefits for the payment of attorney fees, but left the

past-due benefits owed to Plaintiff's children intact.

Plaintiff's counsel, Charles A. Robison, requests that twenty-five percent of both

Plaintiff's and Plaintiff's childrens' past-due benefits be dedicated to the payment of attorney

fees.  Plaintiff's counsel has filed two motions for attorney fees.  The first motion, filed on

October 13, 2005 [Docket #21], requested fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412 in the amount of $5,350 for 40.75 work hours spent on his client's

behalf.  A second motion filed on March 31, 2006 requested $29,409.05 (minus any award

received under the EAJA), pursuant to 42 U.S.C. § 406(b).

## III.  APPLICABLE LAW

### A.  STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and

Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations

to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or

modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

In order to have preserved his right to appeal the Magistrate Judge's recommendation, a

party must file objections to the Report and Recommendation within ten days of service of a

copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S.

140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B.  EQUAL ACCESS TO JUSTICE ACT (EAJA)

Plaintiff's counsel asks this court for $5,350 in fees under the EAJA for the hours spent

working on the case at both the administrative and judicial levels.  The billing records provided

by Plaintiff's counsel show that he worked on the present case for 40.75 hours at the district

court level.  (*See* Pl.'s Mot. for Att'y Fees, Dkt No. 21).  In his objections, Plaintiff's counsel

argues that he is entitled to fees under the EAJA because the government's position in the case

was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).  Defendant responds that Plaintiff's

counsel's objections are without merit and should be overruled by this Court as the

Commissioner's determination was "substantially justified."

The Court will not engage in review of the substantive issue in this matter, that is, whether the Commissioner's decision was "substantially justified" because Plaintiff's counsel is not entitled to attorney fees under the filing requirements of the EAJA. Section 2412(d)(1)(B) requires any request for fees to be filed within thirty days of entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B); E.D. Mich. LR 54.2(a). The judgment remanding this matter back to the Commissioner for an award of benefits was entered on July 29, 2005. Plaintiff's counsel did not move for attorney fees until October 13, 2005, well beyond the thirty-day filing deadline under the statute and the Local Rule. Plaintiff's counsel is not entitled to attorney fees under the EAJA for his failure to timely comply with § 2412(d)(1)(B) and the Local Rule. Plaintiff has not argued nor shown that the untimely request for attorney fees under the EAJA is subject to equitable tolling. *Townsend v. Social Sec. Admin.,* 486 F.3d 127, 131 (6th Cir. 2007). As such, the Magistrate Judge's recommendation to deny attorney fees under the EAJA is accepted albeit for a different reason.

### C.    SOCIAL SECURITY ACT - 42 U.S.C. § 406(b)

Plaintiff's counsel also requests fees under 42 U.S.C. § 406(b) totaling $29,409.05. The Social Security Administration has set aside $20,422.75 for anticipated attorney fees which is twenty-five percent of the $89,226.20 benefits award to Plaintiff for back payments. In addition to the amount already set aside, Plaintiff's counsel argues that he should receive twenty-five percent of the back payments owed to Plaintiff's two minor children totaling $8,968.30.

Defendant objects to the Magistrate Judge's recommendation insofar as it neglects to address the issue raised by Defendant in her Response to Plaintiff's Motion for Attorney Fees, namely that Plaintiff's request is untimely pursuant to Local Rule 54.2(a). Local Rule 54.2(a)

states that an attorney seeking court approval of a fee under 42 U.S.C. § 406 "must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security award (notice of award), whichever is later."  E.D. Mich. L.R. 54.2(a).

As stated above, the judgment remanding this matter back to the Commissioner for an award of benefits was entered on July 29, 2005.  While there is some ambiguity as to the specific date of receipt, it appears that the Notices of Award regarding the past-due benefits for Plaintiff and her children were issued on February 8, 2006 and Plaintiff's Notice of Award regarding Plaintiff's past due benefits was issued on February 26, 2006.  (*See* Exhibits to Pl.'s Mot. For Atty. Fees Pursuant to 42 U.S.C. § 406(B))  In her response to Plaintiff's Motion for Attorney Fees under § 406(b), Defendant notes that the motion was untimely filed under Local Rule 54.2 and that Plaintiff did not submit the last page of the award letter which would have included information regarding the parties' receipt of the award letter.  (Def.'s Resp. To Pl.'s Mot. For Atty. Fees Pursuant to 42 U.S.C. § 406(B), footnote 1)

Based on the partial copies of the Notices submitted by Plaintiff, the Court will calculate the date of receipt in accordance with the Rules of Civil Procedure.  It is noted that February 26, 2006 was a Sunday, therefore, the Court assumes the February 26, 2006 Notice was mailed on Monday, February 27, 2006.  Without counting the day of mailing (February 27), the Court adds three (3) days for mailing, beginning with February 28, which allows for a receipt date of March 2, 2006.  *See* Fed. R. Civ. P. 6(a) and (e).  Beginning with the day after the receipt date, March 3, 2006, applying the 14 days required under Local Rule 54.2 to file attorney fees after an award notice has been received, Plaintiff's Motion for Attorney Fees under § 406(b) should have been filed no later than March 17, 2006.  Plaintiff's March 31, 2006 filing of the Motion for Attorney

Fees under § 406(b) is untimely.

In *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 454 (1982), the Supreme Court stated that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." The Sixth Circuit has affirmed a district court's denial of attorney fees because the motion was untimely filed under an Eastern District of Michigan's local rule. *See In re American Cas. Co.,* 851 F.2d 794, 801-02 (6th Cir. 1988). For the reasons set forth above regarding the motion under the EAJA, Plaintiff has not argued nor shown that the untimely request for attorney fees under the local rule is subject to equitable tolling. Accordingly, the Court rejects the Magistrate Judge's recommendation that Plaintiff be compensated for the 40.75 hours spent in district court representation in the amount of $14,262.50 since the motion was untimely filed.[1]

## IV.    CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Whalen dated August 1, 2006 as to denial of attorney fees under the EAJA is ACCEPTED for a different reason set forth in the R&R and REJECTED as to granting attorney fees under 42 U.S.C. §406(b).

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act **[Docket No. 21, filed October 13, 2005]** is DENIED.

---

[1] The Magistrate Judge should have addressed the timeliness issue in the Report and Recommendation since it was raised by Defendant and even if it was not raised by any party.

IT IS FURTHER ORDERED that Plaintiff's Motion and Brief for Social Security

Disability Attorney Fees pursuant to 42 U.S.C. §406(b) **[Docket No. 27, filed March 31, 2006]**

is DENIED.

                                                      s/ DENISE PAGE HOOD
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED: September 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2007, by electronic and/or ordinary mail.

                                                      S/William F. Lewis
                                                      Case Manager